**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

```
STEVEN JACOB SEIBERT,          :    HABEAS CORPUS
GDC No. 132507,                :    28 U.S.C. § 2254
      Petitioner,             :
                               :
      v.                       :    CIVIL ACTION NO.
                               :    1:10-CV-1323-JEC-ECS
BRAD HOOKS,                     :
      Respondent.             :
```

**FINAL REPORT AND RECOMMENDATION**

The United States Court of Appeals for the Eleventh Circuit <u>sua</u> <u>sponte</u> remanded this case "for the limited purpose of determining whether Petitioner-Appellant Seibert[1] is entitled to relief under Fed.R.App.P. 4(a)(6) and for a factual determination as to when Seibert delivered his notice of appeal to prison authorities." <u>Seibert v. Hooks</u>, No. 11-14831-C, at 1 (11th Cir. Jan 3, 2012). Specifically, the Eleventh Circuit directed this Court to determine:

> the date when Seibert received notice of the district court's June 23, 2011 order and judgment; whether Seibert's September 22, 2011 document, which is treated as Seibert's notice of appeal from the June 23, 2011 order and judgment, was filed within 14 days of his receipt of the June 23, 2011 order and judgment or whether he filed an earlier notice of appeal, as he

---

[1]     Although the Eleventh Circuit's Order spells the Petitioner-Appellant's surname "Siebert," the Petitioner-Appellant has consistently spelled and signed his surname as "Seibert" in his filings in this Court, and the undersigned uses that spelling herein.

indicates in his September 22, 2011 document; and whether any party would be prejudiced.

Id. at 1-2.  For the following reasons, the undersigned recommends that the Court find and conclude that: (1) Seibert received notice of the June 23, 2011, Order on September 3, 2011; (2) he filed a notice of appeal within fourteen days thereafter, on September 7, 2011 (before later submitting his September 22, 2011, notice of appeal); and (3) neither party would be prejudiced within the meaning of Federal Rule of Appellate Procedure 4(a)(6)(C) by permitting an appeal to go forward.

In 2010, Seibert filed a petition for a writ of habeas corpus in this Court.  See [Doc. No. 1].  Seibert later amended his petition eight times.  See [Doc. Nos. 4, 14, 23, 29, 40, 51, 52, 54].  Seibert also submitted a very large number of frivolous and duplicative filings.  See generally Docket; see also [Doc. No. 41 at 2-3] (cataloging Seibert's early filings).

In 2011, the Honorable Gerrilyn G. Brill recommended that Seibert's federal habeas petition be dismissed without prejudice because he had failed to exhaust available state remedies.  See [Doc. No. 79].  On June 23, 2011, over Seibert's objections, the Honorable Julie E. Carnes dismissed Seibert's petition without prejudice for failure to exhaust his state remedies.  See [Doc.

Nos. 80, 87]. A copy of Judge Carnes' Order was mailed to Seibert the same day. <u>See</u> [Unnumbered Dkt. Entry of June 23, 2012].

The first notice of appeal received by either this Court or the Eleventh Circuit from Seibert was a document he hand-dated September 22, 2011, in which he alleged that he had filed an earlier notice of appeal on September 7, 2011. [Doc. No. 92]. Seibert did not allege any specific date that he received the Court's June 23, 2011, Order.

The Eleventh Circuit <u>sua</u> <u>sponte</u> entered the remand order noted above, "for the limited purpose of determining whether Petitioner-Appellant Seibert is entitled to relief under Fed.R.App.P. 4(a)(6) and for a factual determination as to when Seibert delivered his notice of appeal to prison authorities." <u>Siebert v. Hooks</u>, No. 11-14831-C, at 1 (11th Cir. Jan 3, 2012). As further noted above, the Eleventh Circuit directed the Court to answer three specific questions.

The undersigned directed the parties to submit filings addressing the Eleventh Circuit's questions on remand [Doc. No. 108] and also appointed counsel to represent Seibert [Doc. No. 132]. The undersigned held an evidentiary hearing on November 6, 2012. At the evidentiary hearing, Seibert testified - and Respondent conceded that there is "no reason to doubt" - that he first received a copy of the June 23, 2012, Order on September 3,

3

2012.[2]  Therefore, the undersigned **RECOMMENDS** that the Court answer the Eleventh Circuit's first question on remand as follows: Seibert received notice of the Court's June 23, 2011, Order on September 3, 2012.

Seibert further testified at the evidentiary hearing that he mailed a notice of appeal on September 7, 2012.  Respondent would not stipulate to this date, but argued instead that Seibert submitted his notice of appeal on September 22, 2012, out-of-time.

Respondent conceded that <u>Gracey v. United States</u>, 131 F. App'x 180, 181 (11th Cir. 2005), states the controlling principles of law for this case.  In <u>Gracey</u>, the Eleventh Circuit held (1) that a <u>pro se</u> prisoner's motion is "deemed filed on the date that the prisoner delivers the motion to the prison authorities for filing," (2) that this is so "even when the motion 'is never received or filed by the court,'" and (3) that in the event of a dispute "'the burden is on prison authorities to prove the date a prisoner delivered his documents to be mailed.'"  <u>Gracey</u>, 131 F. App'x at 181 (quoting <u>Huizar v. Carey</u>, 273 F.3d 1220, 1222 (9th Cir. 2001), and

---

[2]   Neither party requested that the Court Reporter prepare and file a transcript of the November 6, 2012, evidentiary hearing.  For that reason, citations to such a transcript are omitted.   If either party disputes the accuracy of any description herein of the testimony offered at the evidentiary testimony, that party should request an extension of the objection period and order a copy of the hearing transcript for inclusion in the docket.

4

<u>Washington v. United States</u>, 243 F.3d 1299, 1301 (11th Cir. 2001)). The Eleventh Circuit further indicated that "[s]uch proof could consist of: (1) a prison log showing no mailing from [the prisoner on the date in question]; or (2) proof that no postage was deducted from his account on or about that date," although those two options were "not meant to be an exhaustive list." <u>Id.</u>

Respondent also conceded that there are no prison mail logs available in this case. And Respondent did not contest Seibert's testimony that he obtained and used postage from persons outside prison, rather than purchasing stamps through the prison store. Thus, Respondent offered no evidence relating to prison mail logs or postage purchases that would indicate that Seibert mailed his notice of appeal other than on September 7, 2011, as he testified.

Respondent did suggest in a pre-hearing filing and during the evidentiary hearing that a few unrelated threads of evidence exist that cast doubt on Seibert's testimony. However, when invited to weave those threads into a coherent argument that Seibert delivered his notice of appeal to prison authorities for mailing on a date other than September 7, 2011, either at the close of the evidentiary hearing or in a post-hearing brief, Respondent declined to do so, asking instead that the undersigned simply not credit Seibert's testimony.

5

Although it is true that Seibert is not a highly credible witness, the burden of persuasion rested with Respondent "to prove the date a prisoner delivered his documents to be mailed." Gracey, 131 F. App'x 181.  In this case, Respondent did not carry that burden.  The undersigned therefore **RECOMMENDS** that the Court find, in response to the Eleventh Circuit's second question on remand, that Seibert's notice of appeal was mailed on September 7, 2007, and was, accordingly, timely "filed."[3]

The third question asked on remand by the Eleventh Circuit is whether any party would be prejudiced if Seibert is permitted to proceed with an appeal.  Respondent argued that he would be

---

[3]   At the November 6, 2012, evidentiary hearing, Seibert testified that he had maintained diaries in prison that would corroborate his testimony regarding his date of filing.  Seibert alleged that those diaries were taken from him when he was delivered by Georgia state employees into the custody of the U.S. Marshals Service shortly before the hearing.  On December 20, 2012, after this Final Report and Recommendation was substantially complete, Seibert submitted through counsel a post-hearing "Supplemental Brief and Motion to Compel Disclosure of Statement of Transport Officer" demanding that adverse inferences be drawn against the Respondent for alleged spoliation of evidence.  See [Doc. No. 140].  As the motion to compel makes clear, the primary use of the diaries would have been to buttress Seibert's claim to have timely mailed his notice of appeal and to rebut any contrary argument by the Respondent.  See [id. at 6].  In light of the recommendation herein that the Court credit Seibert's testimony regarding the mailing date of his notice of appeal because the Respondent did not adequately rebut it - and the recommendation that the Court therefore conclude that Seibert timely "filed" his notice of appeal - the undersigned **RECOMMENDS** that Seibert's motion to compel be **DENIED** as moot.

6

prejudiced simply by having to litigate an appeal in the Eleventh Circuit if an appeal is permitted to proceed.  Although there is a paucity of authority defining what "prejudice" means under Federal Rule of Appellate Procedure 4(a)(6)(C), it surely means something more than that the parties will have to litigate an appeal if the time for refiling a notice of appeal is reopened pursuant to the Rule.  Otherwise, the "prejudice" requirement would swallow up the remainder of the Rule and render it meaningless.  Cf. Admiral Ins. Co. v. Feit Mgmt. Co., 321 F.3d 1326, 1330 (11th Cir. 2003) (declining "[t]o interpret the exception in this way . . . [because it would] virtually swallow up the pollution exclusion itself").  Accordingly, the undersigned **RECOMMENDS** that the Court conclude that neither party would be prejudiced within the meaning of Rule 4(a)(6)(C) by reopening the time to file an appeal in this case.

In sum, with respect to the Eleventh Circuit's three specific questions, the undersigned **RECOMMENDS** that the the Court find and conclude that:  (1) Seibert received notice of the June 23, 2011 Order on September 3, 2011; (2) Seibert filed a notice of appeal on September 7, 2011, before filing his later notice of appeal on September 22, 2011; and (3) neither party would be prejudiced by reopening the time to file an appeal.

A determination that Seibert satisfies the three prerequisites to relief under Federal Rule of Procedure 4(a)(6) does not,

AO 72A
(Rev.8/82)

however, end the inquiry.   The Eleventh Circuit further asks whether Seibert is entitled to relief under Rule 4(a)(6).  As the Fifth Circuit has observed, "Rule 4(a)(6) <u>allows</u> the district court to grant relief if the specified requirements are satisfied, but <u>the rule does not require the district court to grant the relief, even if the requirements are met.</u>"  <u>In re Jones</u>, 970 F.3d 36, 39 (5th Cir. 1992) (emphasis added).  <u>See also</u> <u>United States v. Daniels</u>, 303 F. App'x 806, 807 (11th Cir. 2008) ("where all three conditions of Rule 4(a)(6) have been met a district court is allowed, but not required, to reopen the time to file an appeal"); <u>Bazemore v. United States</u>, 292 F. App'x 873, 875 (11th Cir. 2008) (same).  This is a determination to be made by the district court in its sound discretion, and that determination is not subject to reversal absent abuse of discretion "'even though we would have gone the other way had it been our call.'"  <u>Daniels</u>, 303 F. App'x at 807(quoting <u>Rasbury v. IRS</u>, 24 F.3d 159, 168 (11th Cir. 1994)).

The undersigned leaves for the district judge the determination of whether she will or will not exercise her discretion in this case to reopen Seibert's time for appeal under Rule 4(a)(6).  However, the undersigned notes the following for the Court's consideration.  In this case, Seibert's federal habeas petition was dismissed <u>without prejudice</u> on the ground that he had failed to exhaust all available state remedies.  <u>See</u> [Doc. Nos. 79,

8

87]. At the evidentiary hearing, Respondent presented - and Seibert did not contest - evidence showing that Seibert's state habeas case remains pending. See Resp. Ex. 1 (tendered at Nov. 6, 2012 evidentiary hearing).[4] As such, an appeal in this case will serve little purpose other than to prolong litigation unnecessarily. First, the basis on which Seibert's federal habeas petition was dismissed - that he had not exhausted all available state remedies - continues to be true. Second, because Seibert's federal habeas petition in this case was dismissed without prejudice, he retains the ability to refile this case as soon as his state habeas proceeding is finally concluded. And, third, to the extent that Seibert can now demonstrate that special circumstances exist that excuse him from exhausting all available state remedies, see 28 U.S.C. § 2254(b)(1)(B), he may be able to refile his federal habeas petition even sooner.[5] Judge Carnes

---

[4] As noted above, Seibert amended his federal habeas petition in this case eight times and submitted numerous additional filings, many frivolous and duplicative. If Seibert has litigated his state habeas case in the same manner, it is not difficult to discern why that proceeding remains ongoing.

[5] Although Seibert, since filing his appeal, has sought to reargue in this Court that he is entitled to pursue federal habeas relief without first exhausting all available state remedies, see [Doc. Nos. 127, 131, 138], this Court is without jurisdiction to consider these new arguments while Seibert continues to pursue his pending appeal in the Eleventh Circuit. That court's limited remand of this case was only to determine whether the requirements of Federal Rule of Appellate Procedure 4(a)(6) are satisfied and whether the time period for filing an

AO 72A
(Rev.8/82)

denied Seibert a Certificate of Appealability in this case precisely because he has not demonstrated that he is entitled to federal habeas relief while his state habeas case remains pending or that the issue is reasonably debatable.  <u>See</u> [Doc. No. 87 <u>adopting</u> Doc. No. 79 at 9 (discussing whether a Certificate of Appealability should be issued)].

Counsel appointed to represent Seibert at the evidentiary hearing contends that even if he is denied relief under Rule 4(a)(6), he is entitled to relief under Federal Rule of Civil Procedure 60(b).  <u>See</u> [Doc. No. 133 at 11].  Whether or not the Court affords Seibert relief under Rule 4(a)(6), the undersigned **RECOMMENDS** that his request for relief under Federal Rule of Civil Procedure 60(b) be **DENIED**.  The Eleventh Circuit has held that "4(a)(6) is the exclusive remedy to reopen the time in which to appeal and a party cannot use a Rule 60(b) motion to circumvent the time limits, which are mandatory and jurisdictional."  <u>Big Top</u>

---

appeal should be reopened preclude consideration of other issues.  <u>See</u> <u>United States v. Kirschner</u>, 443 F. App'x 480, 482 (11th Cir. 2011) ("[t]he district court followed our mandate and lacked jurisdiction to do anything more" on limited remand) (citing <u>United States v. Davis</u>, 329 F.3d 1250, 1252 (11th Cir. 2003).  Because of these limitations, the undersigned **RECOMMENDS** that each of the many post-appeal motions filed by Seibert <u>pro se</u> that do not relate to the remanded Rule 4(a)(6) issues be **DENIED WITHOUT PREJUDICE**.  [Doc. Nos. 119, 127, 128, 131, 135, 138, 139].

10

<u>Koolers, Inc. v. Circus-Man Snacks, Inc.</u>, 345 F. App'x 396, 399 (11th Cir. 2009).

The undersigned notes that the appointment of counsel to represent Seibert was "for the limited purpose of addressing the issues identified by the Eleventh Circuit in its remand order" and that the "appointment does not extend to any other issue raised by . . . Seibert or to any proceeding other than the evidentiary hearing to be held in this Court to address the issues raised in the remand order."  <u>See</u> [Doc. No. 132 at 2 (emphasis omitted)]. Unless the Court refers this matter again to the undersigned for further proceedings, Ms. Weil's appointment in this case will conclude when the Court enters a final order with respect to this Final Report and Recommendation.

The Clerk is **DIRECTED** to terminate the referral of this case to the undersigned.

**SO RECOMMENDED AND DIRECTED**, this 20th day of February, 2013.

_**S/ E. Clayton Scofield III**_
E. CLAYTON SCOFIELD III
UNITED STATES MAGISTRATE JUDGE

11