IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

STEVEN JACOB SEIBERT,

    Petitioner,

v.

BRAD HOOKS,

    Respondent.

CIVIL ACTION NO.
1:10-cv-1323-JEC-ECS

### ORDER AND OPINION

This case was remanded by the Eleventh Circuit after the appeal by petitioner Steven Seibert of this Court's Order dismissing without prejudice his habeas corpus petition on the ground that petitioner had failed to exhaust state remedies. Thereafter, petitioner appealed to the Eleventh Circuit, but he filed his appeal after the applicable deadline.

The Eleventh Circuit then *sua sponte* entered an order of remand [99] directing this Court to determine whether petitioner was entitled to relief against a dismissal for his late filing,[1] via FED. R. APP. P. 4(a)(6). (*Id.* at 1.) The Circuit Court directed that, in making the above determination, this Court

---

[1] The wording of the relief actually provided by FED. R. APP. P. 4(a)(6) is the relief of "reopening the time to file an appeal," but the effect is the same: the appellant's appeal is not dismissed on the ground of untimeliness.

AO 72A
(Rev.8/82)

should answer the three questions called for by Rule 4(a)(6): (1) the date when petitioner received notice of this Court's June 23, 2011 Order and Judgment dismissing his habeas petition; (2) whether petitioner's September 22, 2011 "appeal" of this judgment was filed within 14 days of his receipt of this Order and Judgment, or whether he filed an earlier notice of appeal; and (3) whether any party would be prejudiced. (*Id.* at 1-2.)

The undersigned referred this matter to a magistrate judge, who appointed petitioner an attorney, held an evidentiary hearing, and who has now issued a thorough Report and Recommendation ("R&R") [142] answering these three questions. That R&R is now before the Court for its review.

The magistrate judge has recommended an answer to the three questions as follows: (1) that petitioner received notice of the June 23, 2011 Order on September 3, 2011; (2) that petitioner mailed, and therefore filed, his notice of appeal of that Order on September 7, 2011;[2] and (3) that neither party would be prejudiced, within the meaning of Rule 4(a)(6)(C), by an order

---

[2] As noted by petitioner in his Objections [144], there were some typos in the R&R that sometimes referred to the operative dates as being in 2012 and once referred to an event as occurring in 2007, when, in fact, all the operative events on remand occurred in 2011: as the R&R ultimately recognized in its summary paragraph.

2

reopening the time to file an appeal in this case. (*Id.* at 7.) The Court adopts the magistrate judge's recommendation as to the appropriate answers to the Eleventh Circuit's three questions.

These answers mean that Seibert has satisfied the three factual predicates for relief under Rule 4(a)(6). Satisfying the factual prerequisites for relief under the Rule, however, does not necessarily mean that petitioner should receive relief, which question was the overarching question that the Eleventh Circuit asked. (*Id.* at 7-8.)

As the magistrate judge notes in his R&R, a district court's decision whether to grant relief for an untimely appeal is a determination left to that court's sound discretion. (*Id.* at 8.) Further, the appellate court should not disturb that exercise of discretion, even though it might have made a different call, unless the discretion has been abused. (*Id.*)

In discussing whether relief should be granted, the magistrate judge acknowledges the district court's ultimate discretion in this matter. The magistrate judge, however, presents strong reasons why petitioner should not obtain relief, even though the latter has satisfied the three factual

3

predicates.  Accordingly, he recommends against granting of relief under Rule 4(a)(6).  (*Id.* at 8-10.)

Specifically, the magistrate judge notes that petitioner's habeas petition was denied without prejudice based on petitioner's failure to exhaust his state remedies.  Thus, petitioner was free to refile his petition after the conclusion of those state proceedings.  Moreover, the magistrate judge notes that the state habeas case remains pending <u>now</u>[3]--meaning that state remedies have still not been exhausted--so it is unclear how an appeal of this Court's order will accomplish anything other than to lead to more unnecessary work for the Circuit Court.  In short, the magistrate judge concludes, in effect, that petitioner's appeal of an order of dismissal without prejudice is just more "make-work" for the court-system and that he should not be indulged in this compulsion.

The Court agrees with everything the magistrate judge has said. Were the Court considering this case on a motion presented

---

[3] The magistrate judge notes that if petitioner has litigated his state habeas in the same manner he has litigated the federal habeas petition, it is not surprising that the state habeas is still ongoing.  According to the magistrate judge, petitioner amended his habeas petition in the present case eight times and has presented numerous frivolous and duplicative filings.  (*Id.* at 9 n.4.)

4

directly to it,[4] it would not grant relief. Indeed, the Court had already indicated its belief that an appeal would be futile when it originally denied a certificate of appealability ("COA")at the time it dismissed the case without prejudice. (*See* Order dated June 23, 2011 [87] at 2, adopting R&R [79] at 8-10.)

This constructive motion for relief under Rule 4(a)(6), however, is before the Court on an order of remand by the Eleventh Circuit. Presumably, when it remanded the case, the panel was aware: (1) that this Court had ruled that the petitioner had failed to exhaust his remedies; (2) that exhaustion is a requirement under the statute;[5] and (3) that

---

[4] Of course, FED. R. APP. P. 4(a)(6) is directed at the district court, not the appellate court, as that rule calls for findings by the district court and presumably envisions that a tardy potential appellant will file a motion for relief under this provision directly with the district court. Nevertheless, although the rule may envision that a motion will be filed, in the first instance, with the district court, not with the appellate court after a tardy appeal has been filed, appellate courts reviewing a tardy appeal will frequently deem such a motion to have been constructively filed by the *pro se* appellant and will remand to the district court for a determination. *See, e.g. Gupta v. Walt Disney World Co.*, 283 Fed. App'x 682, 684 (11th Cir. 2008). That was the procedure followed in this case.

[5] 28 U.S.C. § 2254(b)(1); *Cone v. Bell*, 556 U.S. 449, 465 (2009)(recognizing that exhaustion of state remedies prior to seeking federal habeas relief is a "longstanding requirement").

5

this Court had denied a COA, on this basis, concluding that any appeal would be futile.

As to this Court's denial of a COA, the issuance of a COA is a jurisdictional prerequisite to the appellate court hearing the appeal. *Gonzalez v. Thaler*, 565 U.S. ___, 132 S. Ct. 641, 649 (2012)(until a COA has been issued, federal court of appeals lacks jurisdiction to rule on the merits of appeals from habeas petitioners). In other words, if the district court has declined to grant a COA, the appellate court may not proceed unless it first determines that a COA should be granted. Here, this Court declined to grant a COA, and the Eleventh Circuit likewise apparently failed to do so as well. Having available to it this other potential jurisdictional obstacle to petitioner's appeal--the absence of a COA--the Circuit nonetheless chose to focus on the timeliness of the appeal by remanding this case for a determination of when petitioner received the order from which he is appealing and when he actually filed something that could be construed as an appeal.[6]

---

[6] Clearly, the time limits set out for filing an appeal are jurisdictional, *Rinaldo v. Corbett*, 256 F.3d 1276, 1278 (11th Cir. 2001)(time limit within which to appeal is "mandatory and jurisdictional"). As noted, the requirement that a COA be issued before an appellate court can consider the appeal of a habeas petition is likewise jurisdictional. The Court has not

6

Such an inquiry is a time-consuming matter for the court to which it is remanded, and this Court does not assume that the Eleventh Circuit would have required this Court to perform unnecessary work. The Eleventh Circuit presumably wanted this case back before it for a more substantive review, as otherwise it could have readily dismissed the appeal based on the absence of a COA by the district court and by its own concurrence that

---

expended additional time to research the question of how, when there are multiple potential jurisdictional bars to an appeal, the appellate court should choose which bar to examine first. That is, do some jurisdictional bars take precedence over others?

Stated another way, does an appellate court have to first conclude that an appeal is timely before it proceeds to address other potential jurisdictional bars? That does not appear to be the practice in the Eleventh Circuit. *See United States v. Masilotti,* No. 12-11553, 2013 WL 646375, at *1 n.2 (11th Cir. Feb. 22, 2013), in which the Eleventh Circuit held that because the appellants lacked standing, the court did not have to consider the question whether the appeal had been timely filed.

Assuming that an appellate court has a choice whether to dismiss an appeal (1) based on an initial conclusion that a COA is not warranted, which should be a fairly quick decision to make when dealing with a dismissal without prejudice for failure to exhaust state remedies, or (2) based on the possibility that a district court, on remand and after a hearing, may find facts that would justify excusing the appellant's untimely filing of the appeal, interests of judicial economy would suggest that the first option is clearly preferable. That the Eleventh Circuit did not do this suggests that it must have found some merit that this Court did not discern in petitioner's habeas petition.

7

a COA was not warranted. That being so, it would be inappropriate for this Court to second-guess that implicit decision by the Circuit.

Accordingly, the Court concludes that petitioner's time for appeal should be reopened for a period of 14 days after the entry of this Order,[7] pursuant to FED. R. APP. P. 4(a)(6).

## **CONCLUSION**

On this limited remand by the Eleventh Circuit, the Court adopts the magistrate judge's reasoning and his recommendation that the three factual questions submitted by the Eleventh Circuit be answered as follows: (1) petitioner Seibert received notice of the June 23, 2011 Order on September 3, 2011; (2) Seibert filed a notice of appeal on September 7, 2011, before submitting a later pleading to the Eleventh Circuit, on September 22, 2011, referencing his earlier notice of appeal and requesting a COA from the Circuit Court; and (3) neither party would be prejudiced by reopening the time to file an appeal.

As to the significance of the above dates, petitioner received notice of the Court's June 23, 2011 Order more than 21

---

[7] The Court directs the Clerk to send this Order by certified mail in an effort to avoid a need to conduct a second post-mortem as to when petitioner received notification of this Court's Order.

8

days after entry of that Order. *See* FED. R. APP. P. 4(a)(6)(A). Petitioner filed a notice of appeal within 14 days after receiving notice. *See* FED. R. APP. P. 4(a)(6)(B).[8]

As to the ultimate question to be decided, the Court determines that the time for reopening petitioner's appeal, pursuant to FED. R. APP. P. 4(a)(6), should be granted, this date. Petitioner may file a notice of appeal within 14 days of the entry of this Order, pursuant to FED. R. APP. P. 4(a)(6).[9]

Finally, the Court concurs in the magistrate judge's recommendation that the Court **DENY as moot** petitioner's Motion to Compel [140], **DENY** petitioner's request for relief [133] under FED. R. CIV. P. 60(b), and **DENY without prejudice** petitioner's post-appeal *pro se* motions [119, 127, 128, 131, 135, 138, and 139].

---

[8] FED. R. APP. P. 4(a)(6)(B) actually requires that the <u>motion</u> to reopen the time for appeal under this rule be made within 14 days after notice of the order being appealed or within 180 days after entry of that order, whichever is earlier. As far as this Court knows, petitioner has never filed a motion under FED. R. APP. P. 4(a)(6); the Eleventh Circuit constructively filed that motion for him. Nevertheless, petitioner's notice of appeal was filed within the fourteen day period after he received notice, which necessarily is within the 180-day period of time after entry of the judgment.

[9] The Clerk shall send this Order to the petitioner by certified mail. *See supra* at n.7.

SO ORDERED this <u>11th</u> day of MARCH, 2013.


<u>/s/ Julie E. Carnes</u>
JULIE E. CARNES
CHIEF UNITED STATES DISTRICT JUDGE